**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

IN RE:

FERNANDO L. SANTIAGO ROSA,
NYDIA E. TORRES RODRIGUEZ,

      DEBTORS.

_____

NOREEN WISCOVITCH RENTAS, as Trustee
for the Estate of Fernando L. Santiago Rosa
and Nydia E. Torres Rodriguez,

      PLAINTIFF,

    v.

SONIA IVELISSE MALDONADO
SERRANO,

      DEFENDANT.

CASE NO. 10-09600 EAG

CHAPTER 7

ADV. PROCEEDING NO. 13-00017

FILED & ENTERED ON 10/02/2014

**OPINION AND ORDER**

Pending before the court is a motion for summary judgment brought by the chapter 7 trustee (the "trustee") on her complaint to sell a real property purchased by one of the joint debtors and his ex-wife while they were still married. (Adv. Dkt. No. 33.) For the reasons stated herein, the trustee's motion is hereby granted.

**I. JURISDICTION**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11

Proceedings to the United States Bankruptcy Court for the District of Puerto Rico, dated July 19, 1984 (Torruella, C.J.).[1] This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## II. PROCEDURAL HISTORY

On October 13, 2010, joint debtors Fernando Santiago Rosa ("Santiago") and Nydia Torres Rodriguez ("Torres") filed a voluntary petition under chapter 13 of the Bankruptcy Code. (Bankr. Dkt. No. 1.) Debtors listed a single real property in schedule A, a house located in Yauco, Puerto Rico. Id. The case was converted to chapter 7 on debtors' motion on July 3, 2012. (Bankr. Dkt. Nos. 58 & 63.)

On September 20, 2012, debtors amended schedule A to include for the first time a second real property, this one located in Ponce, Puerto Rico. (Bankr. Dkt. No. 74.) Debtors marked on schedule A that they had a joint 50/50 interest in the property with an unidentified "ex-wife." Id. The property is listed as having a market value of $88,000.00, and a secured claim against it in the amount of $23,550.00. Id. Debtors also amended schedule C to take an exemption in the amount of $20,450.00 on the property under 11 U.S.C. § 522(d)(5). Id. On November 7, 2012, debtors again amended schedules A and C to identify the ex-wife as Sonia Ivelisse Maldonado, to reduce the amount of the secured claim to $11,139.31, and to amend the total exemption claimed on the property to $22,750.00. (Bankr. Dkt. No. 82.) On December 4, 2012, the trustee filed an objection to debtor's claimed exemption over the Ponce property, arguing that debtors should not be allowed to now receive the benefit of an

---

[1] Unless otherwise indicated, the terms "Bankruptcy Code," "section" and "§" refer to Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

exemption after failing to disclose their interest in the property for several years. (Bankr. Dkt. No. 87.) The trustee also stated in the objection that she planned to sell the property and distribute the proceeds to the estate's creditors. Id. The court has since granted the trustee's objection. (Bankr. Dkt. No. 109.)

On January 25, 2013, the trustee filed an adversary proceeding against Sonia Ivelisse Maldonado Serrano (" Maldonado," or the "defendant") in order to gain authorization to sell the property to pay the estate's claims. (Adv. Dkt. No. 1.) Maldonado, who is not being represented by counsel in this proceeding, did not file an answer to the complaint. (Adv. Dkt. No. 5.) The trustee has since filed a motion for summary judgment, which Maldonado has not opposed. (Adv. Dkt. No. 33.)

## III.  LOCAL ANTI-FERRETING RULE

The local anti-ferreting rules "aid the court in identifying genuine issues of material fact which will necessitate denial of summary judgment . . . ." Rosa Morales v. Santiago Diaz, 338 F. Supp.2d 283, 294 n.2 (D.P.R. 2004) (citing L.Civ.R. 56(c) and Corrada Betances v. Sea-Land Serv. Inc., 248 F.3d 40, 43-44 (1st Cir. 2001)). Local Civil Rule 56(b) requires a party moving for summary judgment to file, annexed to its motion, "a separate, short and concise statement of the material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried . . . supported by a record citation . . . ." L.Civ.R. 56(b). Local Civil Rule 56(c) then requires the nonmoving party to submit with its opposition a "separate, short, and concise statement of material facts," admitting, denying or qualifying the facts by reference to each numbered paragraph with references to the record. L.Civ.R. 56(c). Local Civil Rule 56(e) provides that "[f]acts contained in a supporting or

opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted."  The anti-ferreting provisions of Local Civil Rule 56 also provide that the court has "no duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts." L.Civ.R. 56(e).

The court deems that the trustee complied with Local Civil Rule 56(b) by including in her motion for summary judgment a separate section of uncontested material facts in individually numbered paragraphs supported by record citations.  Maldonado, however, ran afoul of Local Civil Rule 56(c) by failing to oppose the trustee's uncontested material facts. Therefore, as provided by Local Civil Rule 56(e), all properly supported facts set forth by the trustee are deemed admitted.  See Cosme-Rosado v. Serrano-Rodriguez, 360 F.3d 42, 45-46 (1st Cir. 2004) ("We have consistently upheld the enforcement of this rule, noting repeatedly that 'parties ignore [it] at their peril' and that 'failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted.'") (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 28 (1st Cir. 2000) (citing prior cases)).

## IV.  UNCONTESTED FACTS

The following facts are uncontested pursuant to Rule 56 and Local Civil Rule 56, made applicable to these proceedings by Bankruptcy Rules 9014(c) and 7056 and Local Bankruptcy Rules 1001-1(b) and (d):

On July 3, 1987, Santiago and Maldonado, his wife at the time, purchased a home in the Punto Oro development in Ponce, Puerto Rico for the price of $23,500.00 (the "Ponce

property"). The property was encumbered by a mortgage on behalf of Ponce Federal Bank in the amount of $23,550.00. At some point thereafter, but prior to the filing of the petition on October 13, 2010, the couple divorced and Santiago married Torres, the joint debtor in this case. The debtors do not reside in the Ponce property. To date, Santiago and Maldonado have not partitioned the Ponce property of their former conjugal community.

## IV. SUMMARY JUDGMENT STANDARD

The standard for summary judgment is well-known. Pursuant to Rule 56, made applicable to these proceedings by Bankruptcy Rules 7056 and 9014(c), summary judgment is available "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). The moving party bears the burden of showing that "no genuine issue exists as to any material fact" and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. P.R. Tel. Co., 110 F. 3d 174, 178 (1st Cir. 1997).

Once a properly supported motion has been presented before the court, the opposing party "can shut down the machinery only by showing that a trial-worthy issue exists" that would warrant the court's denial of the motion for summary judgment. McCarthy v. Northwest Airlines, 56 F.3d 313, 315 (1st Cir. 1995). For issues where the opposing party bears the ultimate burden of proof, that party cannot merely "rely on the absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute." Id. However, not every factual dispute is sufficient to frustrate summary judgment;

the contested fact must be material and the dispute over it must be genuine. Id. An issue is "genuine" if it could be resolved in favor of either party. A fact is "material" if it is potentially outcome-determinative. See Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004).

In assessing a motion for summary judgment, the court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging in all reasonable inferences in that party's favor." Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990) (citations omitted). The court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." Medina-Muñoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990) (citations omitted). However, there is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood (no matter how reasonable those ideas may be) . . . ." Greenburg v. P.R. Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987); see also Mulero-Rodríguez v. Ponte, Inc., 98 F.3d 670, 677 (1st Cir. 1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury.") (quoting Petitti v. New England Tel. & Tel. Co., 909 F.2d 28, 34 (1st Cir. 1990)).

## V. APPLICABLE LAW AND DISCUSSION

The commencement of a case under the Bankruptcy Code creates an estate comprised of, with certain exceptions, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Upon conversion of a case to chapter 7, a trustee is appointed, tasked with taking possession of all non-exempt assets of the estate and

6

administering them for the benefit of creditors.  11 U.S.C. §§ 348, 704(a)(1).  Toward that end, section 542 requires all entities in possession, custody or control of any property of the estate that the trustee may use, sell, or lease under section 363 to turn over said property to the trustee. 11 U.S.C. § 542(a).

In this case, the trustee seeks authorization to sell the Ponce property free and clear of Maldonado's co-ownership interest under section 363(h).  Alternatively, the trustee requests that the court find that the Ponce property constitutes community property, and that Santiago's interest in the property otherwise satisfies the requirements of section 541(a)(2). If the court so finds, the Code provides that the property would qualify as property of the estate, which would allow the trustee to sell it to satisfy claims against the estate.  The court addresses each argument in turn.

Section 363(h) permits a trustee to sell both the estate's interest as well as the interest of a co-owner of the property, if, at the commencement of the case, the debtor held an undivided interest in the property as a tenant in common, joint tenant, or tenant in the entirety, provided that several significant conditions are met.[2] 11 U.S.C. § 363(h).  The trustee must also give the non-debtor co-owner a right of first refusal, and must distribute to the co-owner a portion of the proceeds of the sale, less certain administrative expenses.  11 U.S.C. § 363(i) & (j).

---

[2]Namely, a sale under this section may be authorized only if (1) a partition in kind of the property among the estate and any co-owners is impracticable; (2) the estate would realize significantly less from a sale of the estate's undivided interest than from a sale of the property free of the co-owners' interests; (3) the benefit to the estate from the property's sale outweighs any detriment to the co-owners; and (4) the property "is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power."  11 U.S.C. § 363(h)(1)-(4).

7

Section 363(h), however, does not apply to the use, sale, or lease of community property. In re Hendrick, 45 B.R. 976, 987-88 (Bankr. M.D. La. 1985). Rather, all interests of the debtor and debtor's spouse in community property are considered property of the estate to the extent that the property is either "under the sole, equal, or joint management and control of the debtor," or "liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2)(A) & (B). As an initial matter, in community property jurisdictions such as Puerto Rico, courts have held that the term "spouse" used in section 541(a)(2) includes "a former spouse when the ex-spouses have not partitioned the property of their former conjugal community, even if the conjugal community was terminated pre-petition." Vélez v. Pérez León (In re Pérez León), 2013 Bankr. LEXIS 3859, at *10 (Bankr. D.P.R. Sept. 16, 2013) (citing Louisiana and Fifth Circuit case law); see 5 Alan N. Resnick & Henry J. Sommer, Collier on Bankruptcy ¶ 541.11 [2] (16th ed. 2013) (Section 542(a)(2) applies "where the community property in a dissolution or divorce action has not yet been partitioned before the filing of a bankruptcy case.").

The purpose of section 541(a)(2) is to "to pass to the bankruptcy estate the community property that would otherwise be available under applicable state law for the satisfaction of claims against the debtor." 5 Collier on Bankruptcy at ¶ 541.11 [1]. Therefore, in order to determine the nature of a debtor's interest in community property, the court must look to the laws of Puerto Rico. Caribbean Resort Constr. & Maint., Inc. v. Coco Beach Util. Co. (In re Caribbean Resort Constr. & Maint., Inc.), 318 B.R. 241, 246 (Bankr. D.P.R. 2003) ("property interests are created and defined by state law"); In re Lang, 191 B.R. 271 (Bankr. D.P.R. 1995)

8

(a spouse's interest in the management and control of community property is "conferred strictly by statutory authority of the jurisdiction in which the debtor resides").

Under Puerto Rico law, the act of marriage creates a conjugal partnership that is a separate and distinct entity from the individual spouses. P.R. Laws Ann. tit. 31, § 3622. Property acquired during a marriage becomes community property and is jointly managed by the members of the conjugal partnership. P.R. Laws Ann. tit. 31, § 3641. Both spouses are legally considered administrators of the community property, and the property may not be sold or encumbered without the written consent of both spouses. P.R. Laws Ann. tit. 31, § 3672. If one of the spouses files for bankruptcy, however, the right of the non-debtor spouse to manage and control the community property is extinguished. Lang, 191 B.R. at 272 (finding that bankruptcy law preempts state law on this issue). Thus, as the court in Lang concluded, where one spouse files for bankruptcy in Puerto Rico, all of the debtor's property plus any community property in which the debtor has an interest automatically becomes property of the estate.[3] Id.

Here, Santiago and Maldonado purchased the Ponce property while they were married. Although the two later divorced, and Santiago has since re-married, there has still not been a partitioning of the conjugal community. Under the Puerto Rico Civil Code, the conjugal partnership is terminated and liquidated only by death, a final judicial decree terminating the partnership on grounds provided for by the Civil Code, or by ruling it a nullity. P.R. Laws Ann.

---

[3]In so holding, the court need not reach the question of whether the Ponce property is "liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable." 11 U.S.C. § 541(a)(2)(B).

tit. 31, §§ 381 & 3681. As one court has observed, "in practice, the liquidation of the common property does not necessarily coincide with the divorce." <u>Vélez</u>, 2013 Bankr. LEXIS 3859, at *23; see P.R. Laws Ann. tit. 31, §§ 3691-3701.  The court thus finds that the Ponce property constitutes community property of joint debtor Mr. Santiago under section 541(a)(2)(A).  As property of the estate, the trustee is charged with liquidating the property in order to pay claims against the joint debtors' estate.

In so holding, the court recognizes that this may be a harsh consequence for Maldonado, who is in effect being forced to sell her house despite the fact that she has not filed for bankruptcy.  The court is bound, however, by the provisions of the Bankruptcy Code and Rules.[4]  And, in this case the court's hands were further tied by the fact that Maldonado, who has acted *pro se* throughout this proceeding, did not answer the complaint or oppose the motion for summary judgment.

---

[4]In saying that, it should be noted that the decision to treat a non-debtor spouse's interest in community property as property of the estate under section 541 rather than as property jointly owned with a non-debtor under section 363(h), which offers more protections to the non-debtor, was not legislative oversight.  As the <u>Hendrick</u> court pointed out:

> In § 363(i), Congress allowed a "first right of refusal" to co-owners when property is sold under § 363(h), and also allowed such a first right of refusal to the non-debtor spouse with respect to community property that is property of the estate. If Congress had intended for the four requirements of § 363(h) to apply to community property, it could have included "the spouse's interest in community property" in § 363(h) as it did in § 363(i).

<u>Hendrick</u>, 45 B.R. at 987-88.

## VI. CONCLUSION

Based on the foregoing, the trustee's motion for summary judgment [at Adv. Dkt. No. 33] is GRANTED.  The court finds that the Ponce property constitutes property of the estate under section 541(a)(2), allowing the trustee to administer the Ponce property and distribute the proceeds pursuant to section 726(c).  However, because section 726(c)(1) provides that administrative expenses are paid either from the community property sub-estate or from other property of the estate, "as the interest of justice requires," the court orders the trustee to file a motion, prior to any distribution, asking for approval of the proposed claim classification and distribution scheme.

SO ORDERED.

In Ponce, Puerto Rico, this 2nd day of October 2014.

Edward A. Godoy
U.S. Bankruptcy Judge

11